UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>CHRISTOPHER COLLINS,<br>CAMERON COLLINS, and<br>STEPHEN ZARSKY,<br><br>　　　　　　Defendants. | 18 Cr. 567 (VSB) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**

CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
*Attorneys for Cameron Collins*

BAKER HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
*Attorneys for Christopher Collins*

DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
*Attorneys for Stephen Zarsky*

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT...................................................................................................................................2

      A.      The Defendants Are Entitled to Specification of the Wire
             or Wires Serving as the Basis for Count Ten............................................................5

      B.      The Defendants Are Entitled to Specification of the Acts
             That Allegedly Occurred in the Southern District of New York .............................7

      C.      The Defendants Are Entitled to Specification of the "Others"
             Whom Rep. Collins and Cameron Collins Allegedly Contemplated
             as Members of the Alleged Conspiracy ..................................................................9

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*United States v. Bortnovsky*,
    820 F.2d 572 (2d Cir. 1987)..................................................................................................2, 4

*United States v. Carpenter*,
    791 F.2d 1024 (2d Cir. 1986), *aff'd*, 484 U.S. 19 (1987) ....................................................9

*United States v. Castellano*,
    610 F. Supp. 1359 (S.D.N.Y. 1985).......................................................................................8

*United States v. Long*,
    697 F. Supp. 651 (S.D.N.Y. 1988).........................................................................................7

*United States v. McDermott*,
    245 F.3d 133 (2d Cir. 2001)...................................................................................................9

*United States v. Pinto-Thomaz*,
    352 F. Supp. 3d 287 (S.D.N.Y. 2018).....................................................................................3

*United States v. Rajaratnam*,
    No. 09 Cr. 1184 (RJH), 2010 WL 2788168 (S.D.N.Y. July 13, 2010) ................................4

*United States v. Reale*,
    No. 96 Cr. 1069 (DAB), 1997 WL 580778 (S.D.N.Y. Sept. 17, 1997)..........................5, 6

*United States v. Silver*,
    117 F. Supp. 3d 461 (S.D.N.Y. 2015)................................................................................5, 6

*United States v. Szur*,
    No. 97 Cr. 108 (JGK), 1998 WL 132942 (S.D.N.Y. March 20, 1998) ................................7

*United States v. Vilar*,
    729 F.3d 62 (2d Cir. 2013).....................................................................................................6

*United States v. Wozniak*,
    126 F.3d 105 (2d Cir. 1997)...................................................................................................1

*United States v. Zandstra*,
    No. 00 Cr. 209 (RWS), 2000 WL 1368050 (S.D.N.Y. Sept. 20, 2000) ..........................5, 6

**Other Authorities**

Fed. R. Crim. P. 7 ........................................................................................................................1

Fed. R. Crim. P. 12 ............................................................................................................8

Case 1:18-cr-00567-VSB   Document 71   Filed 03/22/19   Page 4 of 15

iii

## **INTRODUCTION**

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendants request that the Court order the government to articulate "the specific allegations of the offense[s] charged," *United States v. Wozniak*, 126 F.3d 105, 110 (2d Cir. 1997) (citing Fed. R. Crim. P 7(f)), in an indictment that does not: (i) specify a single wire transmission, securities transaction, or other act in the Southern District of New York; or (ii) allege that two of the Defendants (Rep. Collins and Cameron Collins) contemplated that alleged remote tippees would trade.  In response, the government claims that the Indictment and the Rule 16 discovery provide the Defendants with the particulars they need to prepare for trial and protect against double jeopardy.  However, the government contradicts this assertion by disclosing in its opposition new information that is entirely absent from the Indictment and the Rule 16 discovery.  These voluntary disclosures fall short of what the law requires, and the government's opposition illustrates precisely why a bill of particulars is necessary in this case.

Moreover, the government confuses the Defendants' motion for a bill of particulars with a motion to dismiss.  Regardless of whether the Indictment is sufficient to survive a motion to dismiss, neither it nor the government's disclosures vitiates the need for a bill of particulars.  Indeed, the government still has not specified the wire or wires serving as the basis for Count Ten, and its vague disclosures regarding venue for Counts Two through Eight raise more questions than answers.  The law requires identification of these particulars.

The government has not articulated a single reason why a bill of particulars would undermine the administration of justice, hinder its investigation, restrict its ability to prove the allegations at trial, or prejudice it in any way.  Simply put, the government is not entitled to withhold the requested information and thereby keep its options open at the expense of the

Defendants' ability to adequately prepare their defense. The Court should order the government to provide the requested information in a bill of particulars.

## ARGUMENT

The government fails in its attempt to "defeat the defendants' motion," Gov't Opp'n 9, ECF No. 69, by voluntarily disclosing vague and incomplete information in response to the Defendants' requests. Its disclosures regarding the wire-fraud count, the basis for venue, and the scope of the alleged conspiracy do not "identify with sufficient particularity the nature of the charge[s]," thereby leaving the Defendants unable to adequately prepare their defense, vulnerable to unfair surprise at trial, and unable to plead double jeopardy if prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

As a threshold matter, several of the government's statements and arguments require correction or clarification.[1] First, the government incorrectly claims that the Defendants already have the information they need to prepare for trial. Specifically, the government states that the Indictment and the Rule 16 discovery "provide[] the defendants with more than enough notice of the specific acts of which they are accused." Opp'n 4; *see also* Opp'n 8 ("The detailed Indictment coupled with the Government's extensive and well organized Rule 16 discovery material supply the defendants with ample notice of the acts for which they have been charged."). But then the government discloses in its opposition new information that is not reflected anywhere in the Indictment or the Rule 16 discovery. For example, the government states that in support of the wire-fraud charge, it intends to offer the alleged securities

---

[1] The government's chart on page two of its brief also misstates the charges in the Indictment as they apply to each Defendant. The government's brief states that all three Defendants – Christopher Collins, Cameron Collins, and Stephen Zarsky – are charged in Counts One to Ten. Opp'n 2. However, the Indictment does not charge Mr. Zarsky in Count Two, Four, or Eight. Indictment ¶ 47.

2

transactions as well as unspecified "phone calls, emails and text messages" as evidence of interstate wires in support of Count Ten. Opp'n 10-11. The Indictment makes no reference to an allegation that the securities transactions and "phone calls, emails and text messages" are the interstate wires serving as the basis for Count Ten. *See* Indictment ¶¶ 51-52 (charging one count of wire fraud but omitting any allegation of a particular wire transmission or communication). Moreover, the Rule 16 discovery contains thousands of phone calls, text messages, and emails, making it impossible to identify which wire(s) the government will introduce as evidence supporting the wire-fraud charge. Additionally, with respect to venue, the government now states that it will offer testimony at trial to establish that the alleged securities transactions were routed through the Southern District of New York. Opp'n 10-11. Needless to say, this "testimony" does not appear in the Indictment or the discovery. This contradiction underscores the need for a bill of particulars.

Second, the government relies heavily on *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 301-03 (S.D.N.Y. 2018), and refers to the case as a "true peer" with respect to the scope and duration of the alleged insider-trading conspiracy. Opp'n 8. But in *Pinto-Thomaz*, the defendants' requests for particulars were entirely different from the Defendants' requests for particulars here. *See* 352 F. Supp. 3d at 302-03 (denying defendants' requests for particulars regarding "exactly what material nonpublic information" was conveyed and the "inferences [the government] has drawn regarding what [material nonpublic information] was allegedly conveyed"). Indeed, the defendants in *Pinto-Thomaz* requested information that was already "clearly describe[d]" in the indictment. *Id.* at 302. Here, in contrast, the Defendants' requests for particulars concern information that one cannot glean from the Indictment or the Rule 16 discovery because it is omitted. Moreover, as discussed *infra*, the case law directly supports

Defendants' specific requests.  While neither the complexity of a case nor the volume of discovery should, standing alone, warrant a bill of particulars, Opp'n 6, these factors can certainly amplify the need for one.  *See United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010) (recognizing that "the potential for unfair surprise and the difficulty of preparing a defense are amplified" in complex conspiracy cases"); *Bortnovsky*, 820 F.2d at 575 ("[A] bill of particulars is appropriately granted where the government's pre-trial discovery disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused.").

Third, the government expresses concern about providing Defendants with the requested particulars "nearly a year before trial."  Opp'n 9.  To the extent the government requires additional time to identify the information necessary to specify its allegations, the Defendants would not object to a negotiated, Court-ordered deadline – sufficiently in advance of the substantive motions deadline – by which the government must furnish a bill of particulars.  Simply put, this is not an attempt by the Defendants to gain an undue advantage before trial.  Far from it.  Rather, a bill of particulars will ensure that the Defendants can adequately prepare for trial, make all necessary challenges to the Indictment in advance of trial to avoid waiver claims, and avoid unfair surprise at trial.[2]  *See Bortnovsky*, 820 F.2d at 574.

---

[2] There is one other procedural issue that requires clarification.  In its opposition, the government references its communications with defense counsel prior to the Defendants filing this Motion, but it omits the fact that prior to filing this Motion, counsel for Cameron Collins confirmed with the government on two occasions that the Defendants had satisfied the meet-and-confer requirement.  Moreover, the government highlights the fact that the Defendants' initial requests for particulars (by letter dated December 10, 2018) were more inclusive than the requests in this Motion.  Opp'n 9.  Indeed, as the Defendants continued to confer with the government and review the Rule 16 discovery and materials produced by the SEC in the related civil case, it was reasonable and appropriate for the Defendants to narrow their requests in this Motion to focus on information that 1) the government refused to provide, 2) is necessary to preparing their defense, and 3) the law requires the government to specify.

The sections below discuss the outstanding requests for particulars that the government has not sufficiently addressed in its disclosures.

### A. The Defendants Are Entitled to Specification of the Wire or Wires Serving as the Basis for Count Ten

The government fails to cite a single case supporting its contention that it is not required to specify in a bill of particulars the wire(s) serving as the basis for the wire-fraud charge alleged in Count Ten. *See* Opp'n 10-11. Moreover, it does not even attempt to distinguish the cases refuting its point. *See* Opp'n 10-11; *United States v. Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (Caproni, J.) (internal quotation marks and citations omitted) (ordering the government to provide a bill of particulars "identifying the specific mailings and wire transfers on which it will rely to prove" the mail and wire fraud charges); *United States v. Zandstra*, No. 00 Cr. 209 (RWS), 2000 WL 1368050, at *6 (S.D.N.Y. Sept. 20, 2000) (directing the government to provide "a bill of particulars identifying the approximate dates of the allegedly fraudulent mailings"); *United States v. Reale*, No. 96 Cr. 1069 (DAB), 1997 WL 580778, at *14 (S.D.N.Y. Sept. 17, 1997) (granting defendants' request for a bill of particulars "identifying the specific mailings and wire transfers and the approximate dates . . . on which they occurred").

Instead, the government broadly states that it "intends to offer [at trial] additional evidence of interstate wires in support of Count 10, including phone calls, emails and text messages." Opp'n 11. Ironically, in the same paragraph as this vague "disclosure," the government includes a parenthetical stating that "[t]he vehicle of a bill of particulars serves to inform a defendant of the nature of the charge, when he is otherwise insufficiently informed . . . ." Opp'n 11 (quoting *United States v. Samsonov*, No. 07 Cr. 1198 (CM), 2009 WL 176721, at *3 (S.D.N.Y. Jan. 23, 2009)). Here, the Defendants remain "insufficiently informed" as to which wire or wires form the basis of the wire-fraud charge. The government's unwillingness to

5

identify the applicable wire(s) prejudices the Defendants' ability to file venue-related motions, formulate defenses, and protect against double jeopardy. Additionally, it is a complete waste of judicial resources, if not all parties' resources, when Defendants are forced to make venue-related motions that can be avoided by the government providing the particulars of the wire(s) at issue. The government must specify this information in a bill of particulars to enable the Defendants to adequately prepare their defense and to plead double jeopardy if prosecuted again for the same offense. *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013). It should also specify this information in the interests of judicial economy.

     Moreover, regardless of whether the Indictment's wire-fraud allegation is sufficient to survive a motion to dismiss, the government cannot elude the requirement of a bill of particulars. *See Zandstra*, 2000 WL 1368050, at *6 (finding that the indictment provided the defendant "with a sufficient amount of detail" to defeat his motion to dismiss but requiring the government to provide a bill of particulars identifying the dates of the allegedly fraudulent mailings supporting the mail-fraud charge). It is not sufficient for the government to broadly state its intention to offer "phone calls, emails and text messages" as evidence of interstate wires. Opp'n 11. Nor is it sufficient for the government to identify merely one "example" of an interstate wire it intends to offer at trial in support of Count Ten. Opp'n 11. Rather, in order to allow the Defendants to adequately prepare for trial, the government must specify each interstate wire on which it will rely to prove the wire-fraud charge. *Silver*, 117 F. Supp. 3d at 471; *Zandstra*, 2000 WL 1368050, at *6; *Reale*, 1997 WL 580778, at *14.

### B. The Defendants Are Entitled to Specification of the Acts That Allegedly Occurred in the Southern District of New York

In arguing that it cannot be compelled to specify its basis for venue, the government relies on case law stating that "the mere allegation that an offense occurred 'in the Southern District of New York and elsewhere' is sufficient to overcome a pretrial motion to dismiss . . . ." Opp'n 12 (quoting *United States v. Riley*, No. 13 Cr. 339 (RPP), 2014 WL 53440, at *3 (S.D.N.Y. Jan. 7, 2014) (quoting *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010)). But this is not a motion to dismiss; it is a motion for a bill of particulars, and the Court should order the government to specify the evidence that purportedly will establish venue in this district.

Indeed, the *applicable* case law provides that the government must specify in a bill of particulars which acts were committed in the Southern District of New York. *United States v. Szur*, No. 97 Cr. 108 (JGK), 1998 WL 132942, at *9 (S.D.N.Y. March 20, 1998) (holding that an allegation that the offense occurred "in the Southern District of New York and elsewhere" is sufficient to survive a motion to dismiss but requiring the government to provide a bill of particulars because "it [was] unclear from the Indictment what acts were committed in the Southern District of New York"); *United States v. Long*, 697 F. Supp. 651, 655 (S.D.N.Y. 1988) (citations omitted) (stating that in the pretrial stage, "it suffices for the government to allege with specificity that the charged acts support venue in this district" and that "if the indictment is not sufficiently specific on its face, the government may remedy the inadequacy by providing a sworn bill of particulars"). The government has not cited a single case to the contrary, nor has it distinguished the cases refuting its position. *See* Opp'n 11-13.

The government must specify its basis for venue for each count to enable the Defendants to adequately prepare for trial and to assess the validity of a potential pretrial venue motion. *See*

7

*United States v. Castellano*, 610 F. Supp. 1359, 1388 (S.D.N.Y. 1985) (citing C. Wright, Federal Practice and Procedure: Criminal 2d § 125, at 380–81 (1982)) (stating that a "defendant should be advised of the place [of the crime] by a bill of particulars in order to avoid any possibility of prejudicial surprise"). Given the risk of waiver, the particulars regarding venue are especially important at this stage in the proceedings. *See* Fed. R. Crim. P. 12(b)(3)(A)(i) (stating that a motion alleging improper venue must be raised prior to trial). But here, the Defendants remain in the dark as to whether the government has a sufficient basis for venue and, accordingly, whether the Defendants have a legitimate basis for challenging venue.

The government's vague disclosures regarding the routing of the securities transactions alleged in Counts Two through Eight are insufficient. For example, the government claims that "*testimony* will establish that the transactions listed in Counts 2, 3, 7 and 8 were routed to and executed at Manhattan-based brokerages . . . ." Opp'n 11 (emphasis added). But the discovery materials *produced by the SEC* (in the related civil case) reflect that the transaction listed in Count Seven (trades allegedly placed by CC-5, a "Florida-based financial advisor," Indictment ¶¶ 5, 47) consisted of three trade orders that passed through Trumbull, Connecticut and Somerset, New Jersey, before they ultimately "*would have then appeared* . . . on the corresponding trader's . . . screen" in New York, New York. SEC-LIT-EPROD-000340504 (emphasis added). Aside from the obvious questions of whether the orders did, in fact, appear on the trader's screen and, if they did, whether the mere appearance of an order on a trader's screen is sufficient to establish venue, the immediate question is whether the government is relying on this point as its basis for venue for Count Seven, especially considering that this document was

8

not included in the Rule 16 discovery.[3]  A bill of particulars is the necessary and appropriate means for the government to specify its allegations.

> ### C. The Defendants Are Entitled to Specification of the "Others" Whom Rep. Collins and Cameron Collins Allegedly Contemplated as Members of the Alleged Conspiracy

In refusing to specify its allegations regarding the scope of the alleged conspiratorial agreement, the government overlooks the significance of insider-trading conspiracy law as it relates to the conspiracy counts and certain of the securities-fraud counts alleged in the Indictment.

The government wrongly focuses on the issue of whether the original tipper and the remote (i.e., downstream) tippee personally knew each other.[4]  *See* Opp'n 14-15.  That is not the question.  When determining whether an original tipper is liable for trading by a remote tippee, courts consider whether the remote tippee was within the scope of the original tipper's conspiratorial agreement.  *See United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001) (finding defendant not liable for the trades made by a remote tippee whom the defendant did not know existed); *United States v. Carpenter*, 791 F.2d 1024, 1035-36 (2d Cir. 1986), *aff'd*, 484

---

[3] The SEC complaint, which alleges the same securities transactions as those alleged in the Indictment, is similarly vague with regard to venue.  *See* Compl. ¶ 17, *Secs. & Exch. Comm'n v. Collins et al.*, No. 18-cv-7128 (KPF) (S.D.N.Y. Aug. 8, 2018), ECF No. 1 (alleging that "*[c]ertain* of the sales of securities and acts, practices, transactions, and courses of business . . . occurred within the Southern District of New York" and that "*many* of the securities trades . . . were handled and executed by trading personnel located in this District" (emphasis added)).  The allegation that "certain" or "many" of the securities transactions touched the Southern District of New York inherently means that not all of them did.  The Defendants need to know which transactions the government alleges as a basis for venue.

[4] The government also misstates the Defendants' request.  *See* Opp'n 13.  To be clear, the Defendants are not requesting that the government specify whether Rep. Collins and Cameron Collins were aware of the existence of the remote tippees.  Rather, the Defendants request a bill of particulars identifying the "others" whom Rep. Collins anticipated Cameron Collins allegedly would tip, as well as the "others" whom Rep. Collins and Cameron Collins anticipated Mr. Zarsky allegedly would tip.  *See* Defs.' Mot. 5, 12, 15, 19, ECF No. 60.

U.S. 19 (1987) (reversing insider-trading conspiracy conviction to the extent it involved the trades of an unknown remote tippee who was not part of the conspirators' agreement); Opp'n 14 (citing *McDermott* and referring to the proposition as "blackletter law").  Here, the government "alleges a single insider-trading conspiracy," Opp'n 13, but the Indictment makes no reference to whether Rep. Collins and Cameron Collins were aware of the remote tippees' involvement.

The government should clarify in a bill of particulars whether it alleges that Rep. Collins anticipated that Cameron Collins would tip Stephen Zarsky, CC-1, CC-2, and CC-6, and whether it alleges that Rep. Collins and Cameron Collins anticipated that Stephen Zarsky would tip CC-3, CC-4, and CC-5.  If the government stands by its theory of "a single insider-trading conspiracy," Opp'n 13, then it is no burden on the government to specify the allegations necessary to support that charge.  If the government does not allege these points, certain of the securities-fraud counts against Rep. Collins and Cameron Collins and both conspiracy counts must be dismissed.  But the first step is for the government to specify its allegations in a bill of particulars.

## CONCLUSION

For the foregoing reasons, the Court should order the government to provide a bill of particulars specifying:

a. the date(s), time(s), sender(s), recipient(s), locations, and amount(s) (if applicable) of the wire communication(s) serving as the basis for the wire fraud alleged in Count Ten;

b. for each count charged in the Indictment, every act in furtherance of that count committed in the Southern District of New York;

c. the "others" to whom Rep. Collins anticipated Cameron Collins would disclose the material, nonpublic information, as alleged in paragraphs 10, 23, and 45(a) of the Indictment; and

d. the "others" to whom Rep. Collins and Cameron Collins anticipated Mr. Zarsky would disclose the material, nonpublic information, as alleged in paragraph 10 of the Indictment.

Dated:  March 22, 2019

Respectfully submitted,

/s/ Rebecca M. Ricigliano

Rebecca M. Ricigliano
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 895-4268
Email: rricigliano@crowell.com

Thomas A. Hanusik
Patrick S. Brown (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2530
Email: thanusik@crowell.com

*Attorneys for Cameron Collins*

Jonathan B. New
BAKER HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4650
Email: jnew@bakerlaw.com

Jonathan R. Barr
Kendall E. Wangsgard
BAKER HOSTETLER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 861-1534
Email: jbarr@bakerlaw.com

*Attorneys for Christopher Collins*

Mauro M. Wolfe
Amanda L. Bassen
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1017
Email: mmwolfe@duanemorris.com

*Attorneys for Stephen Zarsky*

11